# A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
## 42 U.S.C. §1983

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

AlBERT A. Grayer

389690
Inmate (DOC) number

(Enter above the full name of the
plaintiff in this action.)

VERSUS

Darrel Vannoy, Warden Louisiana State Prison

Daniel E. Crook, Doctor Louisiana State Prison

Bill Lacoste, EMT Louisiana State Prison

Logan DarBonne, EMT Louisiana State Prison

(Enter above the full name of each
defendant in this action.)

( See Cont.. )

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00 (together with a $50.00 administrative fee). In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, submit them for electronic filing with the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Room 139, Baton Rouge, La. 70801.

I.      Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?     Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
        Plaintiff(s): _____ Albert A. Grayer _____

Defendant(s): Timothy Butler, Zuccaro Blackmore, NYesha Kelly

2. Court (if federal court, name the district; if state court, name the parish):
        United States District Court Middle District of Louisiana

3. Docket number: 18-49-BAJ-EWD

4. Name of judge to whom case was assigned: Brian A. Jackson

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
        Still Pending

6. Date of filing lawsuit: Jan 22, 2018

7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( )          No ( ✓ )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

_____

_____

II.    Place of present confinement: _Louisiana State Prison_____

_____

_____

A. Is there a prisoner grievance procedure in this institution?

Yes ( ✓ )        No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ( ✓ )        No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _LSP- 2018-1633 ?_____

_____

2. What steps did you take? _Submitted an ARP at institution_____

_____

_____

3. What was the result? _Placed on Backlogged (Exhibit "C")_____

_____

D. If your answer is No, explain why not: _____

_____

III.    Parties
(In Item A below, place your name in the first blank and place your present address in the second blank.

A. Name of plaintiff _Albert A. Graves_____
   Address _Louisiana State Prison, Angola LA 70712_____

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant __Darrel Vannoy__ is employed as __War-Den__ at __Louisiana State Prison (LSP)__

C. Additional Defendants: __Daniel E. Crook is employed as DR. at (LSP); Bill Lacost is employed as EMT at LSP; Logan DarBonne is employed as EMT at LSP; David Voohies is employed as major at LSP; Damin Turner, Captain LSP; Johnny Turner Captain LSP; Edward Bliss Captain LSP; Howard Brown; LT. LSP; M. Groom MSGt LSP__

IV.    Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On July 10, 2018 plaintiff was transported by ambulance to the treatment center by defendant Lacost due to him taking an substantial amount of pills. Once at the treatment center plaintiff stomach was ordered to be pumped & these orders were carried out by defendant Logan DarBonne. Immediately after the pumping of plaintiffs stomach he was escorted to the holding cells to await transport back to his living quarters. While in the holding cell plaintiff tried hanging himself with mechanical restraints. Plaintiff was than taken down by security. Upon him being escorted back to the treatment area defendant Crook Saw plaintiff & Stated "Take him back where he Came from" "I do not want to See him" Plaintiff was than stripped, searched & transported back to Camp "C". Upon plaintiffs arrival at Camp C he was turned over to defendant Damin Turner to be placed on mental Health 4-pt. Defendant Turner escorted (See Cont.)

V.    Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. 1) A declaration that the acts & omissions described herein violated plaintiffs right Under the Constitution & laws of the United States. 2) A preliminary & permanent Injunction ordering defendant Darrel Vannoy to: a) place any offender who suffer from epilepsy Under Camera Observation When an watch has been Ordered: b) that Offenders who suffer from Seizures not be placed in bunk cells (See Cont.)

VI.    Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 24th day of October , 2018 .

_Albert Thayer #389690_

_____

_____
Signature of plaintiff

defendants Cont...

MAjor David Voorhies, Correctional Officer  Louisiana State Prison
Captain Damon Turner, Correctional officer Louisiana State Prison
Captain Johnny Howard, Correctional officer Louisiana State Prison
Captain Edward Russ, Correctional officer Louisiana State Prison
M&Gt. M.Groom, Correctional officer Louisiana State Prison
LT. Howard Brown, Correctional Officer Louisiana State Prison

## IV. Statement of Claim Cont...

plaintiff to Tiger 'IR#3 as this was an extremely hot Booth Cell where plaintiff Could not feel any air circulating, the Cell was poorly Ventilated & there was no lighting. Upon placing Grayer in the Cell plaintiff requested from Turner that he be placed in an Cell Where he can feel some air as he Suffers from epilipsey & heat triggers his Seizures. Plaintiff than informed Turner that he has an duty Status Which lets him Know that he has heat related Side effects. (A Copy of this duty Status is attached & marked as Exhibit "A"). Turner than Stated to plaintiff that "You just tried to Kill yourself, Now your worried about heat? "Maybe the heat will give you what you won't" he than placed plaintiff on 4-pt & left.

Later that night plaintiff woke-up excessively Sweating, Smelling like Urine & feeling Weak, dizzy, Confused at which time he asked the tier walker to inform Security that he needed to declare himself an Medical Emergency. Moments later defendant Johnny Howard arrived in his booth at which time he informed him of how he was feeling & informed him that he needed to declare himself an Medical emergency. Plaintiff than requested from Howard to be released off 4-pt. So that he may Shower & get Some Cold water. Howard than informed plaintiff that medical had just left his Cell approx 1-1½ ago at which time plaintiff questioned Howard as to the reason why? Howard than informed plaintiff that he had been in his Cell Shaking So he Contacted Medical Personnel & when they arrived they took your Vitals & left. Plaintiff than asked who the EMTs Were at which time he learned that it Was EMT's Defendant Logan DarBonne & EMT Lavinge Howard than informed plaintiff that word was left from the day Shift tier Officer that he had been Catching Seizures Since he was placed on 4-pt & when medical Came they only took his Vitals & left as they did tonight & would Say the Dr Order "No Transport". Defendant Howard than exited plaintiffs booth saying that he was about to go Call medical & that he would be right back to let me up to Shower & whatever else. Defendant Howard never returned. Upon info & belief i had seizures that night at which time Howard had Knowledge of through the tier Walker & Other Offenders Calling for an Officer informing them upon info & belief Defendant Howard would enter my booth Call my name & leave. Upon info & belief Howard failed to notify medical that i was Continuously having Seizures.

On July 11, 2018 plaintiff Stopped the EMT in an effort to make Sick Call & due to him being on 4-pt he was Unable to Complete a Sick Call form Nor did the EMT have any on him or in the Unit. After plaintiff explained his illness the EMT than entered plaintiff's Cell & did not have a blood pressure Cuff but took plaintiffs pulse at which time he informed plaintiff that his pulse was beating a lil too fast & he needed to drink Some Water because he was dehydrated. Plaintiff than reminded him that he was handcuffed to the bed & Unable to get water. Defendant M. Groom than intervened & stated that

he would get plaintiff some writer, but NEVER did. Upon info & belief while plaintiff was speaking to the EMT he just fell out into an Seizure. Upon arrival of the ambulance it was defendant Lacost at which time he again left plaintiff in his cell unresponsive. Upon info & belief Defendants Logan Daibonne & Bill Lacost left plaintiff in his cell unresponsive on July 10-11 2018 while plaintiff had Seizures.

Upon info & belief it is against policy & penitentiary directive to leave offenders in their cell unresponsive.

Upon info & belief after plaintiff continued to have Seizures on July 14, 2018 defendants Daibonne & Lacost left him in the cell unresponsive the Unit Officer activated his transmitter a second time & upon Defendant David Vourhies & Damon Turner responding & learning the cause of why the transmitter was activated. Defendant Vourhies told the Unit Officer "not to activate his transmitter for no shit like that". & when the Unit Officer questioned Defendant Vourhies as what to do he was told to "Watch him". Upon info & belief plaintiff was provided with no medical attention.

On August 8, 2018 plaintiff woke-up in his cell on the floor surrounded by vomit & urine at which time the tier walker questioned him as to how he was doing. Upon info & belief the tier walkers told Defendant's Howard Brown & M. Groom that plaintiff was in the cell having a Seizure. Upon info & belief both defendants came to plaintiffs cell observed him having a Seizure & walked away ignoring it. After tier walkers questioned defendants as to was they going to get plaintiff some help, Defendant Groom stated "He'll be OK" & defendant stated "that plaintiff does that same shit every time he comes over here" Upon info & belief both defendants failed to notify Medical personnel so that Plaintiff could be provided with medical assistance.

On August 17, 2018 plaintiff woke up with Saliva covering his face. Upon info & belief from his cell-mate he notified Defendants M. Groom & Edward Russ at which time defendant Groom saw plaintiff having the Seizure & only walked away without activating his transmitter but shaking his head. Upon info & belief when cellmate questioned Groom as was he going to get plaintiff some help, Groom's words were as they were before "he'll be O.K. moments later Defendant Russ was making rounds at which time Upon info & belief Plaintiffs cellmate informed him that plaintiff had just had a Seizure & was not responding. Upon info & belief defendant Russ threatened to spray Plaintiff with chemical agent as a means to make plaintiff respond. Upon info & belief defendant Russ used his judgement by shining a flashlight on plaintiff's body stating " I see his chest moving up & down he's alright" (Again plaintiff was provided with no medical attention)(A declaration from plaintiff & his cellmate is attached & marked as Exhibit "B")

## Legal Claims

Defendant Crook showed deliberate Indifference to plaintiffs serious medical condition by failing to conduct a physical examination, order an x-ray, to determine the extent of plaintiffs neck injury or had any been sustained by the hanging by mechanical restraints. Defendant Crook further showed deliberate Indifference to plaintiffs serious medical by ordering that he be left on 4-pt. after Seizures & Not to be transported to the treatment center for medical evaluation. Defendant Crook actions violated plaintiffs right under

the Eighth Amendment to the United States Constitution & Caused plaintiff pain, Suffering, physical injury & emotional distress.

Defendants Crosk. DarBonne Lacost Showed deliberate Indifference to plaintiffs Serious Medical Condition by leaving him in the cell unresponsive & failing to transport him to the treatment Center for monitoring. defendants action Violated plaintiffs right Under the Eighth Amendment to the United States Constitution & Caused plaintiff pain, Suffering, physical injury & emotional distress

Defendants Voorhies, Turner, Howard, Groom, Brown & Russ Showed deliberate Indifference to plaintiff Serious Medical Condition by refusing to Notify medical when he was Continuously having Seizure or by leaving plaintiff on the floor / in the bed failing to get him medical attention defendants action Violated plaintiffs right Under the Eighth Amendment to the United States Constitution & Caused plaintiff pain, Suffering, physical injury & emotional distress

By having Knowledge of the Situation & failing to take any steps to better the Conditions defendants Voorhies, Turner, Howard, Brown, Russ Carried out a pratice that led to the Violation of plaintiff rights Under the Eighth Amendment to the United States Constitution & Caused plaintiff pain Suffering, physical injury & emotional distress

Plaintiff has no plain adequate or Complete remedy at law to redress the wrongs described herein. Plaintiff has been & will Continue to be irreparably injured by the Conduct of the defendants Unless the Court grant the declaratory, injuctive relief which plaintiffs Seeks

V. Relief cont...

C) Start enforcing that all defendants Comply with any & all dept. Regulations. Unit policies & procedures, post Orders, Civil Service & penitentiary directives.

3) A preliminary & permanent injuction Ordering defendants Crosk, Lacost, & Darbonne;
   a) Stop leaving Offenders in Cell Unresponsive;
   b) That offenders be transported to the treatment Center in the event of a Seizure for medical Observation;

4) A preliminary & permanent injunction Ordering defendants Voorhies, Turner, Howard, Brown, Russ;
   a) To Start Calling Medical personal when any medical Situations exist & in the event they do not, they be terminated;

5) I request punitive & Compensatory damages from all defendants except D. Vannoy

6) any additional relief this Court deems just proper & equitable

Respectfully Submitted;
Albert Strayer #389690

3.

In the United States District Court
For the Middle District of Louisiana

Albert Grayer
vs.
Darrel Vannoy

Supplemental Complaint

Civil Action No.

Federal Rules of Civil Procedures 15(d) gives plaintiff the right to Supplement his Complaint. Plaintiff Wishes to Supplement his Complaint to State the following:

On Monday August 20th, 2018 plaintiff initiated a hunger Strike based on the ongoing Violations by prison officals Showing deliberate Indifference to his Serious Medical Condition: not providing him with Medical Attention when needed.

It is the Policy of La Dept. of Corrections that after missing nine (9) meals an UOR is to be Completed & Medical Staff is to be Contacted So that an daily evaluation may be performed on Offender.

On August 20-23 plaintiff placed in the hands of Security personnals Jaburious Oliver/Defendant M.Groom his food trays So that it may be documented as according to policy.

On August 23, 2018 after placing my lunch tray in the hands of Defendant M.Groom + requested that Medical Personnal be Contacted So that my evaluation may be performed.

Defendant M.Groom than Stated that I had not missed 9 meals that this was only plaintiff 5th at which time plaintiff told him he missed 5 on his Shift 4 on the Other Shift totals 9 meals.

Later that evening upon Defendant Edward Russ Came on the her Plaintiff Stopped him & informed him that he had missed 9 meals & requested to See Medical.

Russ than Went & checked the books & returned to plaintiffs Cell Stating that the book only Shows two(2) meals being missed.

Plaintiff than Confronted Defendant Groom in front of Russ as to Why hadn't he been marking down his missed meals as he had been placing them in his hands after every Chow.

Defendant Groom had nothing to Say he was lost with words.

Defendant Russ than informed plaintiff that he would go back In the log book & mark down his missed meals, but he Can Only do it for his Shift he Cannot Control What happened on the Other Shift.

Plaintiff than thanked defendant Russ as he exited his booth

On Aug 24, 2018 plaintiff questioned Sgt J Oliver pertaining the document-ing of his missed meals at which time the tier officer stated that he had marked them down & that the other shift was playing games. I then informed the officer that if that was the case I had just missed my 11th meal & requested to see medical but no-one ever came.

At Approx 1.00 Defendant Damon Turner made Rounds at which time I informed him that i had just missed my 13th meal & needed to see medical based on me not seeing them since i been on hungry strike. Turner than walked off stating he would check it out. Plaintiff was never seen by medical.

At Approx 3.00 Defendant David Voorhies made Rounds at which time Plaintiff informed him that he needed too make an Emergency sick call due to him missing meals since Monday for the purpose of hungry strike. Voorhies stated he knew nothing of it & walked away.

Later Defendant Turner came back on the tier at which time plaintiff questioned him as to his medical emergency. Turner than stated to Plaintiff "I got too much Shit im dealing with right now" "I don't have time to Fuck with that".

After Shift Changed at 5.00 i spoke with defendant Howard about my meals & told him that i needed to declare an medical emer-gency.

The EMTs came at which time i addressed to her my Hunger strikes

She than went & checked the books & informed me that from Monday-Wednesday there was nothing documented about me being on Hungry Strike.

This is just another example of Prison officials showing Deliberate Indifference to my Serious Medical need as i haven't ate in 4 days & Not only did they refuse to document it, but they also refused me medical attention.

Respectfully Submitted;
Albert Grayer # 389690
AlBert Grayer # 389690
General Delivery
Louisiana State Prison
Angola, La 70712
AuG . 24, 2018