# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERT A. GRAYER (#389690)**                    **CIVIL ACTION NO.**

**VERSUS**                                                    **18-795-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERT A. GRAYER (#389690)**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 18-795-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S ORDER, REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion for Summary Judgment[1] ("Motion") urging dismissal of this action on the basis that Plaintiff has not exhausted administrative remedies.

The *pro se* Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action on August 24, 2018 pursuant to 42 U.S.C. § 1983 against Darrel Vannoy, Daniel Crook, Bill Lacoste, Logan Darbonne, David Voorhies, Howard Brown, M. Groom, Edward Russ, Damon Turner, and Johnny Howard[2] alleging deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[3]  Plaintiff seeks declaratory, injunctive, and monetary relief.[4]

Defendants move for summary judgment relying upon the pleadings and a certified copy of Plaintiff's pertinent Requests for Administrative Remedy.[5]  The Motion is unopposed.

---

[1] R. Doc. 20.

[2] The defendants originally included "Unknown Turner" and "Unknown Howard," which parties were replaced with Damon Turner and Johnny Howard, respectively.  (R. Docs. 1 & 10, p. 4).

[3] R. Doc. 1, p. 5; R. Doc. 4.

[4] R. Doc. 1, pp. 5-6.

[5] R. Docs. 20-1 & 20-2.  Though Plaintiff only mentions one ARP in his Complaint, it is clear from the exhibits submitted by Defendants that both ARPs listed by Defendants underlie the present proceeding, as the facts underlying both ARPs are included in Plaintiff's Complaint.  Moreover, Plaintiff includes the second filed ARP as an exhibit to his Motion for Preliminary Injunction.  (R. Doc. 6-1, p. 32).  Specifically, Plaintiff complains first of an incident regarding the pumping of his stomach and events that followed, including being escorted to a holding cell where he tried to hang himself.  (R. Doc. 1, p. 2).  Second, Plaintiff complains, among other things, of the conditions of the cell in which he was placed and officials placing him in the cell despite Plaintiff's tendency to have heat related seizures, which he reported to officials.  (R. Doc. 1, p. 3).  Plaintiff alleges he, in fact, suffered from a seizure while in the cell. (R. Doc. 1, p. 3).  The complaints regarding the events taking place after Plaintiff's stomach was pumped are included

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[6] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[7] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[8] Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[9] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[10]

Defendants contend that Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. Specifically, Defendants assert that Plaintiff prematurely filed suit prior to receiving a First Step Response to his ARPs bearing numbers LSP-2018-1623 and LSP-2018-1844.[11] In his Complaint, Plaintiff alleges he "used the prisoner grievance procedures available at Louisiana State Prison to try and solve the problem. On July 30, 2018 plaintiff presented the facts relating to this Complaint. Plaintiff was sent a response saying that the grievance had been placed

---

in LSP-2018-1623. (R. Doc. 20-1, p. 2). The complaints regarding the conditions of Plaintiff's cell and his tendency to have seizures are included in LSP-2018-1844. (R. Doc. 20-1, p. 4).
[6] Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[7] *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.
[8] *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248.
[9] *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.
[10] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[11] R. Doc. 20-1.

on backlog."[12]  Plaintiff alleges only that he submitted an ARP; he does not allege that he received

any dispositive response regarding his ARP at either the first or second step.

Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies

available to him at the prison prior to commencing a civil action in this Court with respect to prison

conditions.[13]  This provision is mandatory and applies broadly to "all inmate suits about prison

life."[14]  Further, a prisoner must exhaust administrative remedies by complying with applicable

prison grievance procedures before filing a suit relative to prison conditions.[15]  Not only must the

prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance

with an agency's deadlines and other critical procedural rules.[16]  One of the principal purposes of

the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's

specific complaints so as to provide "'time and opportunity to address complaints internally.'"[17]

Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light

of this intended purpose.[18]

A review of the certified copies of Plaintiff's pertinent Requests for Administrative

Remedy shows that Plaintiff's first ARP was received by the legal programs office on July 30,

2018, less than one month prior to Plaintiff filing the instant suit.[19]  Plaintiff's ARP was accepted

on January 28, 2019.[20]  Based upon the record, Plaintiff's ARP is still under consideration and has

---

[12] R. Doc. 1, pp. 4-5.

[13] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[14] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[15] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

[16] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[17] *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, 534 U.S. at 525.

[18] *Id.*

[19] R. Doc. 20-1, p. 4.

[20] Plaintiff filed a supplemental complaint on or about August 27, 2018 that provided another "example" of alleged deliberate indifference to Plaintiff's serious medical needs.  (R. Doc. 4).  The events complained of therein relate to a hunger strike initiated by Plaintiff.  (R. Doc. 4).  It appears from the supplemental complaint that the actions of the prison in response to Plaintiff's hunger strike are meant to be illustrative of the alleged deliberate indifference Plaintiff

not been disposed of at the first step. Plaintiff's second ARP regarding events included in this Complaint was not filed until August 22, 2018, and according to the record before this Court, has not yet even been accepted by the prison.[21] Rather, Plaintiff's second ARP was also backlogged, as evidenced by the Backlog Notification attached to Plaintiff's Motion for Preliminary Injunction.[22]

Based on the foregoing, the Court finds that Plaintiff did not exhaust his available administrative remedies in connection with the claims asserted herein prior to filing suit. In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility.[23] The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature."[24] Unlike a normal grievance, an emergency grievance is submitted directly to the shift supervisor instead of to the warden's office. In either instance, upon receipt, prison officials then have a 40-day period (reduced to 5 days in connection with a Prison Rape Elimination Act claim) during which, absent a requested extension or absent placement of the grievance on administrative backlog (because of other grievances still pending), they are obligated to provide a written response to the grievance.[25]

If the inmate is not satisfied with the First Step Response, the inmate has five days within which to submit a Second Step appeal to the office of the Secretary of the Department, after which

---

has been subjected to. In any event, no ARP has been filed regarding this incident, so to the extent Plaintiff attempts to make a claim regarding his treatment surrounding the hunger strike, those claims are also unexhausted and subject to dismissal as pointed out by Defendants.

[21] R. Doc. 20-1, p. 2.
[22] R. Doc. 6-1, p. 32.
[23] *See* 22 La. ADC, Part I, § 325.
[24] *See* 22 La. ADC, Part I, § 325(H).
[25] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).

the Secretary's office has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step response thereto.[26]  No more than 90 days from the initiation to the completion of the process shall elapse, unless an extension has been granted.[27]  The administrative rules further provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step thereof.[28]

As evidenced by the letter attached to Plaintiff's Complaint, his first ARP, filed on July 30, 2018, was backlogged as a result of other pending requests.[29]  The ARP was not accepted until January 28, 2019, from which date, prison officials had 40 days to issue a response.  Accordingly, prison officials had until March 9, 2019 to issue a response at the first step.  If prison officials have still not issued a response, Plaintiff may proceed to the second step.  He may not, however, proceed directly to this Court.[30]  With respect to Plaintiff's August 22, 2018 ARP, based on the record, that ARP has not yet been accepted by prison officials as a result of backlog; thus, Plaintiff cannot proceed further at this time.  Plaintiff's suit was filed months before either of his APRs related to the claims asserted in the suit were even accepted, much less acted upon.  Accordingly, Plaintiff did not exhaust his administrative remedies prior to filing suit, and Defendants' Motion for Summary Judgment should be granted.[31]

---

[26] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b).
[27] *Id.*
[28] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[29] R. Doc. 1-1, p. 10.
[30] The rule which allows prison officials to place an inmate's grievance on administrative backlog because he has filed multiple prior grievances, resulting in a delayed consideration of later-filed grievances until prior grievances have been addressed and resolved, has been upheld as constitutional. *See Oestriecher v. Wallace*, 2007 WL 4233690, *3, n.7 (E.D.La. Nov. 27, 2007) (noting that "the utilization of a backlog system for multiple grievances is constitutionally permissible"). *See also Moran v. Jindal*, 450 Fed. Appx. 353, 354 (5th Cir. 2011); *Thomas v. Prator*, 172 Fed. Appx. 602, 603 (5th Cir. 2006).
[31] *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (remanding to district court with instruction to grant defendant's motion for summary judgment because pre-filing exhaustion of prison grievance processes is mandatory).

As there is no disputed issue of fact with regard to Plaintiff's failure to exhaust administrative remedies, Plaintiff's pending motions to appoint counsel and supplement exhibit will be denied.

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel[32] and Motion to Supplement Exhibit[33] are **DENIED** in light of the recommendation that all claims in this case be dismissed for failure to exhaust administrative remedies.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment[34] be **GRANTED**, dismissing all Plaintiff's claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on June 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 15.
[33] R. Doc. 16.
[34] R. Doc. 20.